CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

OCT 29 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DARRELL EUGENE FARLEY,
    Plaintiff,

Civil Action No. 7:14-cv-00270

v.

ORDER

SGT. STOOTS, et al.,
    Defendants.

By:  Hon. Jackson L. Kiser
Senior United States District Judge

Darrell Eugene Farley, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, naming as defendants various staff at Green Rock Correctional Center ("Green Rock"), Powhatan Correctional Center ("PCC"), and the Virginia Department of Corrections ("VDOC"). Presently before me is Plaintiff's third motion for a preliminary injunction, to which defendants responded.

In the motion, Plaintiff alleges that defendant Elizabeth Thornton, the VDOC's Prison Rape Elimination Act ("PREA") Coordinator, does not allow Plaintiff to communicate with a victim advocate or receive support from a rape crisis center, in violation of PREA, the Americans with Disabilities Act, equal protection, due process, the Education Act of 1972, and the First and Eighth Amendments. Plaintiff also alleges that Thornton transferred him to another prison in retaliation for complaining about her.

A preliminary injunction is an "extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A movant must establish four elements before a preliminary injunction may issue: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may

only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 23. Also, the movant must establish a relationship between the injury claimed in the motion for preliminary injunctive relief and the conduct giving rise to a complaint. Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997).

Plaintiff fails to establish a nexus between the present allegations and the specific allegation in the second amended complaint that Thornton did not respond to any of Plaintiff's sixty or more letters. Furthermore, Plaintiff fails to establish that he is likely to suffer irreparable harm in the absence of preliminary relief. The evidence involving the motion for a preliminary injunction establishes that Plaintiff is housed in a single cell and has access to VDOC's PREA telephone hotline, which connects an inmate with a nonprofit organization that provides rape crisis support and services. Similarly, Plaintiff fails to establish he is likely to succeed on the merits of the case in light of his failure to exhaust available administrative remedies or support the exhausted claims, and the conclusory allegation of retaliation made in the instant motion is not entitled to an assumption of truth. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The balance of equities does not tip in Plaintiff's favor, and intervening in prison administration at this time would be unduly burdensome to correctional officials. See, e.g., 18 U.S.C. § 3626(a)(2) ("The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity. . . ."); Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating an institution in a manageable fashion are considerations peculiarly within the province and professional expertise of corrections officials). Accordingly, the motion for a preliminary injunction is **DENIED**.

The Clerk shall send a copy of this Order to the parties.

It is so **ORDERED**.

**ENTER**: This 28th day of October, 2015.

/s/ Jackson L. Kiser
Senior United States District Judge